IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| WADE KARP, | ) | Case No. 4:19-cv-00377-SMR-HCA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON DEFENDANTS' MOTION |
| | ) | TO DISMISS, PLAINTIFF'S MOTION |
| JEFFREY RITZMAN, TODD KOENIG | ) | TO REMAND, AND PLAINTIFF'S |
| JANET PHIPPS, IOWA DEPARTMENT | ) | MOTION TO AMEND |
| OF PUBLIC SAFETY, and STATE OF | ) | |
| IOWA, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is an array of motions and counter-motions concerning the pleading, attempted remand, and proposed amendment of Plaintiff's lawsuit against the state government and several of its officials. For the reasons discussed below, Defendant's Motion to Dismiss, [ECF No. 2], is DENIED in part as moot and GRANTED in part; Plaintiff's Motion to Remand to State Court [ECF No. 3], is DENIED as facially deficient; and Plaintiff's Motion for Leave (to Amend) to File First Complaint, [ECF No. 7], is DENIED as futile.[1]

I. BACKGROUND

Plaintiff filed his original Petition in the Iowa District Court for Polk County on October 22, 2019 (the "Original Petition"). *See* [ECF No. 1-2]. In brief, Plaintiff is a former State Trooper employed by the State of Iowa from 2008 until his termination on July 3, 2018. *See id.* ¶¶ 5, 10–13, 19; *accord* [ECF No. 7-1 ¶¶ 2–6]. His original filing raised a myriad of

---

[1] The parties did not request a hearing on the pending motions, and the Court finds the matter can be resolved without oral argument. *See* LR 7(c).

undefined and unscheduled claims for wrongful discharge and denial of benefits, naming the First and Second Amendments to the United States Constitution, their counterparts under the Iowa Constitution, the Iowa Civil Rights Act ("ICRA"), the Americans with Disabilities Act ("ADA"), and other unspecified rights in the state and federal constitutions. [ECF No. 1-2 ¶¶ 29–31]. Defendants timely removed the case to federal court on the basis of federal question jurisdiction and promptly moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on December 10, 2019. [ECF Nos. 1; 2].

Rather than resist Defendants' Motion to Dismiss, Plaintiff filed a Motion to Remand on December 24, 2019, seeking to transfer the case back to state court. [ECF Nos. 3; 4]. Attached to that motion is a document titled "First Amended Petition at Law and Jury Demand," ostensibly filed in state court docket in an attempt to divest this Court of jurisdiction (the "Amended Petition"). *See* [ECF No. 3 at 3–8]. That document makes substantially the same factual allegations as the Original Petition but delineates three distinct state law claims against Defendants: "Interference with Contractual Right" (Count I); "Interference with Statutory Right to Possess Firearms," citing Iowa Code § 29C.25 (Count II); and "Violation of Contractual Rights Under the Collective Bargaining Agreement" (Count III). *Id.* at 3, 5, 6. After Defendants pointed out that the Iowa district court no longer had jurisdiction over the case after it was removed and that a document filed in state court cannot amend a federal court pleading, Plaintiff formally moved to amend in this case on January 10, 2020, filing a *third* version of his pleadings. [ECF Nos. 7; 7-1]. Titled "Proposed First Complaint and Jury Demand," this most recent document recites the same causes of action as his attempted state court filing, but substitutes Count III with one titled "Interference with Constitutional Right to Possess

Firearms," invoking the Second Amendment (the "First Amended Complaint"). [ECF No. 7-1 at 1, 4, 6].

The following consists of the entirety of Plaintiff's allegations in this final version of his pleadings: Plaintiff was placed on administrative leave pending the result of an unspecified professional standards investigation on September 5, 2017. *Id.* ¶ 5. Plaintiff presented for a fitness for duty evaluation on May 7–8, 2018, after being instructed by superiors to do so. *Id.* ¶ 6. He was notified of the results in a meeting held on July 3, 2018, and was terminated from employment that same day. *Id.* ¶¶ 6, 11. Plaintiff does not provide the full result of that evaluation, but states the evaluating physician concluded Plaintiff was a high risk for committing workplace violence. *Id.* ¶ 16. According to Plaintiff, this conclusion, along with the decision to fire him, was drawn solely from Plaintiff's knowledge and ownership of personal firearms. *Id.*; *see also id.* ¶ 17. Plaintiff claims he became aware of an actual or perceived disability preventing him from performing the essential functions of a Trooper upon learning the result of the evaluation and complains that he was not allowed to apply for disability benefits after being fired. *See id.* ¶¶ 6–7, 11. According to Plaintiff, he was informed he did not meet the statutory requirements for disability benefits because he was not an "employee" at the time he completed his application. *Id.* ¶ 12. He claims the actions of Defendants violate his contractual right to seek disability benefits and impermissibly burden his statutory and constitutional right to bear arms.

Through it all, Plaintiff has never resisted Defendants' initial Motion to Dismiss. Plaintiff informs he "does not resist the retention of this matter by [this Court], if leave [to amend] is granted." *See* [ECF No. 7 at 2]. Yet, in his final reply brief, he asserts he "will abandon his claims of intentional interference with contract [Count I] and State of Iowa claim

-3-

of right of possession of firearms [Count II] and will pursue only his [Second Amendment] claim [Count III]." [ECF No. 9 at 1].

## II. DISCUSSION

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009). This case raises a slightly more complicated procedural posture because, as explained below, Plaintiff is no longer entitled to amend his pleadings as a matter of course, the only document that could have done so was never actually filed as an amendment to the proceedings in this case, and the proposed First Amended Complaint still fails to state a claim upon which relief can be granted. Being the earlier-filed motion, the Court will first discuss Plaintiff's attempted Motion to Remand before considering Plaintiff's Motion for Leave to Amend. Then, to whatever extent Plaintiff's Original Petition remains, the Court will address Defendants' Motion to Dismiss. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (holding it to be a "plainly erroneous" abuse of discretion for the district court to grant a first-filed motion to dismiss the original complaint and deny the later motion to amend as moot).

### A. *Motion to Remand*

A party can seek remand of a case back to state court following removal of the action to federal court. 28 U.S.C. § 1447(c). The party removing the action bears the burden of demonstrating removal was proper. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citing *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n.13 (8th Cir.1978)), *abrogated on other grounds*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996). Federal courts have original jurisdiction over all civil actions involving claims arising under

federal law. 28 U.S.C. § 1331; *see also id.* § 1367(a) (granting supplement jurisdiction over "all other claims that are so related" so as to "form part of the same case or controversy"). Having explicitly invoked rights protected under federal law in the Original Petition—namely, the Second Amendment and the Americans with Disabilities Act—federal jurisdiction, and removal of this action, was proper.

Whether Plaintiff's "Amended Petition" warrants remand turns on whether that document in fact amended his pleadings in this case. A plaintiff is entitled to amend the pleadings once as a matter of course within twenty-one days after the pleadings have been served or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Amendments to pleadings outside this timeframe may be made "only with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The question confronting the Court becomes whether Plaintiff's purported Amended Petition, filed only in state court but attached to his Motion to Remand, should be considered in evaluating Plaintiff's Motion to Remand. The Amended Petition purports to assert only state law claims, and it was presented (though not filed) in this Court within the twenty-one day timeframe of Rule 15(a)(1)(B) to amend as a matter of course; the First Amended Complaint was not, and thus requires leave of the Court.

Though not specifically sought in a motion to amend, Plaintiff's inclusion of the "Amended Petition" in his filings with this Court could conceivably be considered as an amendment made as a matter of course, since "treating the amendment as if it had been made under Rule 15(a)(1) avoids penalizing the pleader for not understanding the rule." *Cf.* 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1482 (3d ed.). At the same time, the document here was decidedly *not* filed with this Court, as a motion or otherwise. And Plaintiff

disclaims any intent to consider that document an amendment to his pleadings in federal court. *See* [ECF No. 6 at 1]. Indeed, the papers were filed in the state court docket in an effort to resume proceedings in that forum, included here in what can only be seen as a transparent attempt to divest this Court of subject matter jurisdiction after Defendants exercised their right to removal. Because "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum," *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011), the Court will not consider the Amended Petition as a pleading brought as a matter of course under Rule 15(a)(1)(B). Plaintiff's "Amended Petition," purporting to raise only claims based on state law, does not divest this Court of jurisdiction, nor does it require remand. And because Plaintiff's proposed First Amended Complaint names a single claim under the Second Amendment to the United States Constitution as its sole cause of action, federal question jurisdiction persists. [ECF No. 7-1 ¶¶ 23–29]; *see also* [ECF No. 9 ¶ 2] (purporting to "abandon [Plaintiff's] claims of interference with contract and State of Iowa claim of right of possession of firearms"). Plaintiff's Motion to Remand is denied.

### B. Motion to Amend

Having abandoned any attempt to amend as a matter of right, Plaintiff urges that the Court should grant leave because "justice so requires." *See* Fed. R. Civ. P. 15(a)(2). But Plaintiff "do[es] not have an absolute or automatic right to amend." *United States. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir.2005). The decision whether to allow a plaintiff to amend his pleadings "is left to the sound discretion of the district court." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Leave to amend is usually granted except where "there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the

amendment." *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *see also Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) ("[D]enial of leave to amend a complaint may be justified if the amendment would be futile."). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)).

The Federal Rules of Civil Procedure require a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conversely, a complaint is subject to dismissal when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, and thus survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted). All reasonable inferences are drawn in the plaintiff's favor, *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009), but a plaintiff must plead more than mere "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Defendants contend the pleadings promoted in this case do not support a claim under the Second Amendment, and the Court agrees.

Simply put, Plaintiff's factual allegations fail to allege a plausible violation of the Second Amendment, the only claim Plaintiff now advances. The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." But "the right secured by the Second Amendment is not unlimited." *District of Columbia v.*

*Heller*, 554 U.S. 570, 626 (2008). Though the Supreme Court in *Heller* "'d[id] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment,' it did examine the Amendment's history extensively, concluding that 'all of [the Second Amendment's] elements together' coalesce to 'guarantee the individual right to possess and carry weapons in case of confrontation.'" *Walters v. Wolf*, 660 F.3d 307, 316 (8th Cir. 2011) (alterations in original) (quoting *Heller*, 554 U.S. at 592, 626). The Supreme Court later found the Second Amendment to be applicable to the states through the Fourteenth Amendment, reiterating that "individual self-defense is 'the *central component*' of the Second Amendment right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting *Heller*, 554 U.S. at 599). To show a violation of his Second Amendment rights, then, Plaintiff must show Defendants prohibited him from retaining or acquiring other firearms. *See Walters*, 660 F.3d at 318; *cf. Rodgers v. Knight*, 781 F.3d 932, 941–42 (8th Cir. 2015). The First Amended Complaint alleges no facts supporting an inference that Defendants prohibited Defendant from possessing or acquiring any firearms.

Plaintiff blithely invokes the Supreme Court's rulings in *Heller* and *McDonald* and appears to morph his Second Amendment claim into a wrongful termination claim, arguing his ownership of firearms was used "as an avenue to terminate his employment." *See* [ECF No. 9-1 at 4]; *see also* [ECF No. 7-1 ¶ 29] (alleging Plaintiff's ownership of firearms "was a determining factor in [his] termination").[2] But *Heller* expressly cautioned that "nothing in [that] opinion

---

[2] Wrongful discharge in violation of public policy is a common law tort, requiring

> (1) the existence of a clearly defined and well-recognized public policy that protects the employee's activity; (2) this public policy would be undermined by the employee's discharge from employment; (3) the employee engaged in the protected activity, and this conduct was the reason the employer discharged the

should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Heller*, 554 U.S. at 626.  Even in the final version of his pleadings, Plaintiff supplies only minimal detail about the events giving rise to his alleged injury and states, in conclusory fashion, that it was his ownership of firearms that was the determining factor of his termination—rather than the results of his professional standards investigation or fitness for duty evaluation.  Such conclusory allegations are insufficient to state a claim under Rule 8(a).  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Plaintiff's Motion for Leave to Amend is denied.

### C.  Motion to Dismiss

All that remains is the matter of Defendants' original Motion to Dismiss.  As noted above, a Rule 15(a) motion to amend would normally moot a pending motion to dismiss under Rule 12(b)(6).  Because the Court denies Plaintiff's request to amend, however, there is a question as to whether Plaintiff's Original Petition remains intact as to the other claims raised in that pleading.  Defendants urge the Court to grant their Motion to Dismiss, emphasizing that Plaintiff has entirely failed to resist it.  But failure to oppose a motion "cannot be, standing alone, a ground sufficient to extinguish a claim on its merits."  *Johnson v. Boyd–Richardson Cty.*, 650 F.2d 147, 149 (8th Cir. 1981) (finding an abuse of discretion for district court to grant motion to dismiss on the basis it was unresisted); *see also Maxwell v. Linn Cty. Corr. Ctr.*, 310 F. App'x 49, 49–50 (8th Cir. 2009) (per curiam) (finding the district court abused its

---

employee; and (4) the employer had no overriding business justification for the discharge.

*Dorshkind v. Oak Park Place of Dubuque II, L.L.C.*, 835 N.W.2d 293, 300 (Iowa 2013) (citation omitted).  The tort also applies to contract employees.  *Ackerman v. State*, 913 N.W.2d 610, 621 Iowa 2018).

discretion "[t]o the extent [it] dismissed the complaint on the merits based on [the plaintiff's] failure to file a timely resistance under the local rules"). Instead, "[i]t remains the [C]ourt's duty to inquire into the merits of the motion and to grant or deny it . . . in accordance with law and the relevant facts." *Johnson*, 650 F.2d at 149.

Assuming without deciding that Plaintiff's proposed First Amended Complaint did not moot the remaining claims raised in his Original Petition when he "abandon[ed]" all but his Second Amendment action, *see* [ECF No. 9 at 2], his Original Petition likewise supplies only the most minimal detail about the events giving rise to his alleged injury and does not state a claim upon which relief can be granted.

To begin, none of the Defendants named in this lawsuit are susceptible to Plaintiff's federal constitutional claims. Plaintiff's constitutional claims are applied to state governments and officials through the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff does not appear to seek injunctive relief. His suit for damages can only be asserted against the named Defendants in their individual capacities, since neither a state governmental body nor a state official in his or her official capacity are "person[s]" susceptible to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To sue a state official in his or her *individual* capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015) ("When a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, [Eighth Circuit] precedent requires [the court] to presume that the plaintiff brings suit against the defendants in only their official capacities."). Plaintiff's Original Petition does not do so.

The Original Petition fares no better on the merits. Plaintiff cites the First Amendment and article I, §§ 3 and 7 of the Iowa Constitution as entitling him to relief but has pleaded no facts whatsoever that could reasonably infer violations of his right to religion or protected speech. Nothing in the Original Petition mentions religion or implies its presence, even in passing. Nor has Plaintiff identified any specific constitutionally-protected statements he claims he was retaliated against for making. Simply naming these constitutional provisions does not state a claim as required by Rule 8(a). Furthermore, disability discrimination is not actionable as a constitutional claim under 42 U.S.C. § 1983 because "the comprehensive enforcement mechanisms provided under § 504 [of the Rehabilitation Act] and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (en banc) (alteration in original) (quoting *Davis v. Francis Howell Sch. Dist.*, 104 F.3d 204, 206 (8th Cir. 1997)).

Plaintiff's claims under the Iowa Constitution fail to state a claim as well. The Iowa Constitution simply has no Second Amendment analog to support the right to bear arms, and Plaintiff gives no suggestion where one might be found. *See State v. Downey*, 893 N.W.2d 603, 605 (Iowa 2017) ("The framers of the Iowa Constitution chose not to include any language in our constitution concerning the right to bear arms."). And under Iowa Supreme Court precedent, the ICRA precludes a direct cause of action under the Iowa Constitution for employment discrimination based on an alleged disability. *Godfrey v. State*, 898 N.W.2d 844, 880–81 (Iowa 2017) (Cady, C.J., concurring in part and dissenting in part) (holding the "robust" remedies of the ICRA were sufficient to vindicate the plaintiff's rights against employment discrimination).

Nor does the Original Petition state a claim for breach of contract under the applicable collective bargaining agreement. Plaintiff vaguely alleges his termination "was contrary to state and federal law," as well as "the rights afforded to him under the 2017–19 Agreement." [ECF No. 1-2 ¶¶ 23 (first quote), 24 (second quote)]; *see also id.* ¶ 20. He also alleges the State of Iowa "violated certain contractual rights . . . described in the 2017–19 Agreement" "[d]uring the Professional Standards investigation," *id.* ¶ 21, which "w[as] used to justify [his] termination," *id.* ¶ 22. Plaintiff does not identify what contractual terms afford him rights nor how Defendants' conduct constitutes a breach. Each of his allegations are nonfactual, conclusory statements that are not entitled to an assumption of truth, and consequently fail to state a claim.

Finally, Plaintiff's statutory claims for disability discrimination also fail to satisfy federal pleading standards. Plaintiff does not even identify which provision of either statute gives rise to his claim, simply alleging his "termination of employment was in substantial part based upon the perception of a disability," in violation of "various states [sic] under the Iowa Civil Rights laws and the Americans with Disabilities Act." [ECF No. 1-2 ¶ 31]. To advance a prima facie case of disability discrimination under the ADA and ICRA, Plaintiff was required to plead facts that, taken as true, would have established (1) he is disabled; (2) he is otherwise qualified to carry out the essential functions of the position; and (3) he was terminated under circumstances giving rise to an inference of unlawful discrimination. *Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 657 (8th Cir. 2001); *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). The Original Petition satisfies none of these elements. Plaintiff states he "became aware" of some undisclosed and unspecified disability during the July 3, 2018 meeting during which he was terminated without stating how he is disabled. Nor

does he explain how he is otherwise qualified to carry out the essential functions of a State Trooper. And because of the utter lack of detail concerning his professional evaluation and termination meeting, the Original Petition fails to give rise to an inference of unlawful discrimination.

Plaintiff offers no reason why the motion should not be granted or his Original Petition not dismissed. To the extent Plaintiff's original Petition remains intact, Defendants are entitled to its dismissal. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### III. CONCLUSION

Defendant's Motion to Dismiss, [ECF No. 2], is DENIED in part and GRANTED in part. Plaintiff's Motion to Remand to State Court, [ECF No. 3], is DENIED. Plaintiff's Motion for Leave to File First Complaint, [ECF No. 7], is DENIED.

IT IS SO ORDERED.

Dated this 1st day of June, 2020.

                                                    STEPHANIE M. ROSE, JUDGE
                                                    UNITED STATES DISTRICT COURT